[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On or about May 4, 1996 at approximately 4:13 p. m., the Connecticut State Police investigated a one car rollover accident on the Route Seven Connector, northbound, in Norwalk, Connecticut. At the scene the police observed a Green Saturn bearing Connecticut plate No. 549KM on its roof and partially on the right shoulder and grass areas. One female passenger was found lying in the grass next to the vehicle and another female was trapped inside of the vehicle. The Norwalk Fire Department stabilized the vehicle and extricated the female trapped inside. Both females were interviewed at the Norwalk Hospital, where they both identified the operator as the defendant Elizabeth O'Connor. On May 4, 1996, a blood sample the defendant, Elizabeth O'Connor, was taken in the regular coarse of business by Norwalk Hospital for the diagnosis and treatment of an injury. The said blood sample was taken by a person licensed to practice medicine in this state and/or an individual qualified and authorized to take blood samples.
On or about July 24, 1996, the investigators from the Connecticut State Police obtained a search and seizure warrant from the Superior Court authorizing the seizure of "a document/report" or a copy thereof setting forth the results of CT Page 2256 an analysis of the testing of blood sample drawn from Elizabeth O'Connor, d/o/b February 7, 1978. Said sample having been taken on May 4, 1996 by a medical official at Norwalk Hospital in Norwalk, Connecticut in the regular coarse of business.
The return for an inventory of property seized pursuant to said warrant, reports a seizure on August 1, 1996 consisting of the "medical records of Elizabeth O'Connor d/o/b February 7, 1978. The defendant filed an amended motion to suppress evidence on January 19, 2000 moving this court to enter an order suppressing the test results of the urine sample from the Norwalk Hospital. The defendant alleges that the seizure of said test results was outside of the scope of the search warrant and also, not within the terms of Connecticut General Statutes § 14-227a.
The results of the blood testing were below the detectible limits for alcohol and drugs. The urine results, while showing no alcohol, did in fact detect the presence of cocaine and opiates.
On its face, the search warrant sought the results of blood tests. While seizing those results, the State Police obtained the medical records of Elizabeth O'Connor which included the result of urine tests. A search is ordinarily limited to those items specifically listed in the search warrant. State v. Onofrio,179 Conn. 23 (1979). The state has not claimed any applicable exception to that requirement in this case.
The state contends that the urine evidence should not be suppressed because its discovery was inevitable in that the State Police would apply for a search warrant for the urine results. The state's reliance upon the doctrine of inevitable discovery is misplaced. The doctrine is set forth by the United States Supreme Court in Nix v. Williams, 467 U.S. 431 (1984). In that case, the court declined to suppress evidence that was admittedly illegally obtained. Where the legal seizure of the evidence (the body of a murder victim that the police were actively searching for) would have inevitably been obtained by lawful means.
In the instant case, there would be no ultimate legal discovery of the urine tests. Said information is a medical record which is privileged and the statutory authority in existence on May 4, 1996 did not include urine samples and was limited to the specific exception for blood test results. Although Public Act 99-255(1) has amended Connecticut General Statutes §14-227a, it was not a statutory amendment at the time of the CT Page 2257 issuance of the search and seizure warrant.
For the foregoing reasons, the defendant's amended motion to suppress is granted.
RODRIGUEZ, J.